1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARSON B., | |
| Plaintiff, | CASE NO. C22-5227-MAT |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |
| Defendant. | |

14      Plaintiff appeals a final decision of the Commissioner of the Social Security Administration

15 (Commissioner) denying Plaintiff's application for disability benefits after a hearing before an

16 administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record

17 (AR), and all memoranda of record, this matter is AFFIRMED.

18                    **FACTS AND PROCEDURAL HISTORY**

19      Plaintiff was born on XXXX, 1980.[1] Plaintiff has at least a high school education and has

20 no past relevant work. AR 1208. Plaintiff filed an application for an application for Supplemental

21 Security Income (SSI) on April 19, 2018, and alleges disability beginning June 28, 2017.[2] AR

22

23

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

[2] Plaintiff initially alleged a disability onset of January 1, 2002, but later amended the disability onset to June 28, 2017. AR 379. Plaintiff also filed an application for Child Disability Benefits (CDB). However,

ORDER
PAGE - 1

1198. The application was denied at the initial level and on reconsideration. On July 3, 2019, the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE). AR 35–82. On July 26, 2019, the ALJ issued a decision finding Plaintiff not disabled. AR 16–28. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on January 14, 2020, making the ALJ's decision the final decision of the Commissioner. AR 1–7. Plaintiff appealed the final decision of the Commissioner to this Court. On December 30, 2020, the Court reversed and remanded the decision for further administrative proceedings. AR 1295–1308.

On September 7, 2021, the ALJ held another hearing and took testimony from Plaintiff and a VE. AR 1219–59. On December 9, 2021, the ALJ issued a decision finding Plaintiff not disabled. AR 1197–1209. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

---

by amending the alleged onset date, Plaintiff withdrew—and the ALJ subsequently dismissed—Plaintiff's request for hearing regarding his CDB claim. AR 16, 40, 1197.

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920 (2000).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 1200.

At step two, the ALJ found that Plaintiff has the following severe impairments: generalized anxiety disorder, major depressive disorder, and polysubstance abuse (in remission). AR 1200.

At step three, the ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. AR 1201–02.

At step four, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with the following non-exertional limitations:

> The claimant is able to perform simple, routine, and repetitive tasks in a work environment free of fast paced production requirements involving only simple work-related decisions with few if any workplace changes. The claimant is able to perform work that does not require contact with the public, but is able to have occasional superficial contact with co-workers, no team tasks.

AR 1202. Finding that Plaintiff has no past relevant work, the ALJ proceeded directly to step five. AR 1208.

At step five, the ALJ found that Plaintiff is capable of making an adjustment to other work that exists in significant numbers in the national economy. AR 1208–09. With the assistance of a VE, the ALJ found Plaintiff capable of performing the requirements of representative occupations such as bakery stacker, hand packager, and garment sorter. AR 1208.

Plaintiff raises the following issues on appeal: (1) Whether the ALJ properly evaluated the

medical opinion evidence; (2) whether the ALJ properly evaluated Plaintiff's testimony; (3) whether the ALJ properly evaluated the lay evidence; and (4) whether the ALJ properly assessed the RFC and erred by basing the step five finding on an erroneous RFC assessment. Plaintiff requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

### 1. Medical Opinion Evidence

The regulations effective March 27, 2017, require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. § 416.920c(a)–(b). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id*. at § 416.920c(c)(1)–(2). Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

A. <u>Dr. Terilee Wingate, Ph.D.</u>

Dr. Wingate evaluated Plaintiff on February 20, 2018, and assessed Plaintiff with marked limitations in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; maintain appropriate behavior in a work setting; and complete a normal work day and work week without interruptions from psychologically based symptoms. AR 807. Dr. Wingate assessed moderate to mild limitations in all other areas of basic work functions. AR 807.

The ALJ found Dr. Wingate's opinion persuasive to the extent that the doctor found mild to moderate limitations; however, the ALJ found Dr. Wingate's assessment of marked limitations "not supported by the record and inconsistent with the claimant's demonstrated functioning." AR 1206. The ALJ further found that Dr. Wingate's assessment of marked limitations "appear to be largely based on [Plaintiff's] self-reports, which are not consistent with the longitudinal medical evidence of record." AR 1206. Accordingly, the ALJ found Dr. Wingate's opinion to be "partially persuasive." AR 1206.

Plaintiff argues that the ALJ improperly rejected Dr. Wingate's opinion because the doctor's opinion "is fully consistent with her abnormal clinical observations" and her findings. Dkt. 18, at 4. Under the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 416.920c(c)(1). The ALJ found that Dr. Wingate's opinion that Plaintiff was "emotionally labile with poor anger control . . . inconsistent with his presentation at the examination." AR 1206. Dr. Wingate observed that Plaintiff had logical and linear speech, dysphoric mood, and blunted affect, and that, although he was "rather quiet and withdrawn," Plaintiff became irritable when discussing substance use. AR 808–09. Because Dr. Wingate's observations indicate that Plaintiff's mood was generally stable throughout the evaluation, the ALJ reasonably found the doctor's observations to be inconsistent with her assessment that Plaintiff was emotionally labile and would have marked limitations in areas related to attendance, behavior, and persistence. Plaintiff argues that Dr. Wingate's evaluation, including her observations, the clinical findings, and Plaintiff's scores on the Beck Depression Inventory and the Beck Anxiety Inventory, support the doctor's opinion. Dkt. 18, at 4 (citing AR 806–09). Plaintiff offers a different interpretation of Dr. Wingate's opinion;

however, "when evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Therefore, Plaintiff has not shown that the ALJ erred by finding Dr. Wingate's opinion and assessment of marked limitations to be inconsistent with Plaintiff's presentation during the evaluation.

Plaintiff further argues that the ALJ improperly found that Dr. Wingate's assessment of marked limitations "appear to be largely based on [Plaintiff's] self-reports." Dkt. 18, at 4 (quoting AR 1206). "An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008). In her clinical findings, Dr. Wingate frequently noted that Plaintiff "reported" feeling depressed and anxious, having concentration problems, and experiencing psychotic symptoms; yet, on evaluation, the doctor found Plaintiff to be within normal limits in areas of orientation, perception, memory, fund of knowledge, concentration, and insight and judgment. AR 809. Although Dr. Wingate found Plaintiff to be not within normal limits in abstract thought, this sole abnormal finding is not clearly related to the doctor's assessment of marked limitations in attendance, behavior, and persistence. Accordingly, the ALJ reasonably found that Dr. Wingate's opinion was largely based on Plaintiff's self-reports rather than on the doctor's clinical findings. As discussed below, the ALJ properly discounted Plaintiff's subjective testimony. Therefore, Plaintiff has not shown that the ALJ erred by finding Dr. Wingate's opinion only partially persuasive based on the doctor's reliance on Plaintiff's self-reports, which the ALJ properly discounted.

B.  Dr. Jeremy Senske, Psy.D.

Dr. Senske evaluated Plaintiff on August 17, 2018, and diagnosed Plaintiff with major

depressive disorder, recurrent, moderate, and generalized anxiety disorder. AR 878. Dr. Senske assessed that Plaintiff's ability to reason is intact but that Plaintiff's "understanding and memory, sustained concentration and persistence, social interaction and adaptation are impaired due to depression and anxiety" and that Plaintiff is "unable to work at this time." AR 878.

The ALJ found Dr. Senske's opinion to be partially persuasive. AR 1207. The ALJ found that Dr. Senske's limitations "are not defined using programmatic terminology," that the doctor's opinion that Plaintiff is unable to work "is conclusory and is an issue reserved to the Commissioner," and that the doctor generally relied on Plaintiff's self-reports, which "are not consistent with the medical evidence of record." AR 1207.

Plaintiff argues that "Dr. Senske's opinion is sufficiently clear to show that [Plaintiff] has debilitating symptoms." Dkt. 18, at 5. Plaintiff, however, fails to identify any error in the ALJ's evaluation of Dr. Senske's opinion. *See Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled."); *see also Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with any specificity). Plaintiff may disagree with the ALJ's evaluation of Dr. Senske's opinion; however, such disagreement does not show error in the ALJ's rational interpretation of the doctor's opinion. *See Morgan*, 169 F.3d at 601.

Plaintiff next argues that "while the issue of disability is a legal conclusion reserved to the Commissioner, an ALJ is nevertheless required to evaluate such medical opinion." Dkt. 18, at 5. Plaintiff has again failed to identify any error in the ALJ's evaluation of Dr. Senske's opinion. As discussed above, the ALJ evaluated Dr. Senske's opinion and found the opinion to be "partially

1    persuasive." AR 1207. Therefore, Plaintiff has not shown that the ALJ erred.

2        C.  Dr. Patricia Sylwester, M.D.

3        Dr. Sylwester examined Plaintiff on August 26, 2018, and diagnosed Plaintiff with neck

4    and back pain and reduced range of motion in his lumbar spine. AR 883. Dr. Sylwester assessed

5    that Plaintiff could carry up to 20 pounds occasionally and 10 pounds frequently, was limited in

6    postural activities, such as climbing, balancing, stooping, kneeling, crouching, and crawling,

7    cannot reach above waist level bilaterally, and is limited from working around heights and heavy

8    machinery. AR 884.

9        The ALJ found Dr. Sylwester's opinion unpersuasive. AR 1207. The ALJ noted that the

10   doctor did not provide any specific diagnosis and that "[t]here is no longitudinal medical evidence

11   of record to support any physical limitations." AR 1207.

12       Plaintiff argues that the ALJ improperly rejected Dr. Sylwester's opinion because "the fact

13   that [Plaintiff] was not receiving treatment for his physical impairments is not a legitimate reason

14   to reject Dr. Sylwester's opinion." Dkt. 18, at 6. Plaintiff provides no authority to support his

15   argument. Further, the ALJ did not reject Dr. Sylwester's opinion based on lack of treatment;

16   rather, as discussed above, the ALJ found that Dr. Sylwester's opinion was inconsistent with the

17   medical evidence, which the ALJ found did not support any physical limitations. AR 1207. An

18   ALJ may reject a medical opinion that is inconsistent with the record. *See Tommasetti v. Astrue*,

19   533 F.3d 1035, 1041 (9th Cir. 2008). The ALJ found that the record revealed normal lumbosacral

20   spine radiography on examination in August 2018 and that the evidence did not support Plaintiff's

21   back pain being a medically determinable impairment at step two. AR 1200, 1207. Plaintiff does

22   not challenge the ALJ's step two finding. Therefore, Plaintiff has not shown that the ALJ erred in

23   evaluating Dr. Sylwester's opinion, and the ALJ properly found Dr. Sylwester's opinion

1  inconsistent with the medical evidence, including evidence of Plaintiff's normal spine radiography.

2  *See Tommasetti*, 533 F.3d at 1041; *see also* 20 C.F.R. § 416.920c(c)(2) (consistency factor).

3       Plaintiff argues that Dr. Sylwester's opinion was based on and supported by her clinical

4  findings, including findings of reduced range of motion in Plaintiff's neck, back, and shoulders.

5  Dkt. 18, at 6; Dkt. 20, at 5. The ALJ considered Dr. Sylwester's clinical findings, including those

6  showing Plaintiff to have a normal gait, negative straight leg raising in the sitting position

7  bilaterally, and normal lateral back flexion bilaterally with reduced forward back flexion and

8  shoulder abduction. AR 1207 (citing AR 883). Nevertheless, the ALJ found Dr. Sylwester's

9  opinion to be unpersuasive and, as discussed above, that the medical evidence did not support any

10  physical limitations. AR 1207. Plaintiff offers a different interpretation of the medical record and

11  Dr. Sylwester's opinion; however, the ALJ's alternative interpretation is at least equally rational

12  and not properly disturbed. *Morgan*, 169 F.3d at 599.

13       D.   Other medical evidence.

14       Plaintiff identifies various mental health records and asserts that these records "support the

15  opinions of Dr. Wingate and Dr. Senske" and undermine the ALJ's reasons for rejecting these

16  opinions as well as Plaintiff's testimony. Dkt. 18, at 6–8. Plaintiff, however, neither assigns any

17  specific error to the ALJ's consideration of this evidence nor provides any argument or authority

18  to support his assertions. *See Carmickle*, 533 F.3d at 1161 n.2 (declining to address issues not

19  argued with any specificity). Accordingly, Plaintiff has not identified any error in the ALJ's

20  evaluation of this evidence for the Court to review. *See Greenwood v. Fed. Aviation Admin.*, 28

21  F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly

22  in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion

23  does not preserve a claim . . . .").

E.  <u>Non-examining opinions.</u>

Plaintiff argues that the ALJ improperly found the opinions of non-examining psychologists Dr. Jerry Gardner, Ph.D., and Dr. Vincent Gollogly, Ph.D., to be consistent with the record and Plaintiff's demonstrated functioning. Dkt. 18, at 9–10. Specifically, Plaintiff argues that Drs. Gardner and Gollogly's opinions are not fully consistent with the opinions of Drs. Wingate and Senske or the mental health evidence that Plaintiff asserts supports Drs. Wingate and Senske's opinions. *Id.* Plaintiff again fails to identify with any specificity reversible error in the ALJ's evaluation of the non-examiners' medical opinions. Plaintiff's bare assertion that the non-examiners' opinions are inconsistent with other medical evidence of record, including medical opinion evidence that the ALJ properly discounted, does not meet the Plaintiff's burden to demonstrate harmful error. *See McLeod v. Astrue*, 640 F.3d 881, 887 (9th Cir. 2011) ("Where harmfulness of the error is not apparent from the circumstances, the party seeking reversal must explain how the error caused harm.").

## 2.  Subjective Testimony

The ALJ must provide specific, clear, and convincing reasons, supported by substantial evidence, for rejecting a claimant's subjective symptom testimony.[3] *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); *Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996). An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it merely lacks support in the medical evidence. *See Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective

---

[3] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("[L]ack of medical evidence cannot form the sole basis for discounting pain testimony.").

Plaintiff alleges that he is unable to work because his mental health issues contribute to his "inability to function in a comfortable [and] functional way." AR 280. Plaintiff alleges that he has an "inability to function consistently," that his "severe social anxieties [and] depression make it hard to function," that he is "scared to be out in public" and "too scared to go alone" due to anxiety, and that he has "physical inconsistency, compression difficulties, social anxiety, depression, loss of focus [and] can't concentrate." AR 285, 1499, 1503–04. Plaintiff further alleges that he consistently has soreness and back issues, which affects his physical confidence, and that his impairments affect most areas of physical functioning. AR 285, 1503.

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 1204.

Plaintiff first argues that the ALJ erred in evaluating Plaintiff's testimony because the ALJ improperly evaluated the medical opinion evidence. Dkt. 18, at 9. As discussed above, Plaintiff has not shown that the ALJ erred in evaluating the opinions of Dr. Wingate, Dr. Senske, and Dr. Sylwester. Therefore, Plaintiff's argument fails to show error in the ALJ's evaluation of Plaintiff's subjective testimony.

Plaintiff next argues that the ALJ improperly rejected Plaintiff's subjective testimony by finding it inconsistent with Plaintiff's treatment records. Dkt. 10, at 9 (citing AR 1204). An ALJ may reject subjective testimony upon finding it contradicted by or inconsistent with the medical record. *Carmickle*, 533 F.3d at 1161. Here, the ALJ found Plaintiff's testimony that he experiences

ORDER
PAGE - 11

persistent mental symptoms and that he has difficulty leaving the house to be inconsistent with the medical records. AR 1204. Substantial evidence supports the ALJ's findings. In his 2018 function report, Plaintiff reported that he usually leaves the house to attend appointments or meetings, which he attends multiple times a week alone, and is able to shop in stores for an amount of time determined by his anxiety level. AR 283–84. The medical records during the relevant period indicate that Plaintiff "continues leaving the house almost daily" and has been able to actively engage in group counseling discussions and interact with other group members, attend a music festival out of town, at which he was anxious but also reported that "he can also see that he had some fun," go to a yard sale, attend school, interact with classmates, participate in group art, and go out on a date. AR 914–22, 1803, 1847, 1926, 1940. Treatment records throughout the relevant period also describe Plaintiff as attentive, focused, pleasant, cooperative, linear, and organized with normal mood, affect, and behavior. *E.g.*, AR 663–67, 853, 1031, 1046, 1058, 1068, 1649, 1829, 1932. Accordingly, the ALJ reasonably found Plaintiff's testimony regarding the persistence and severity of his mental health symptoms to be inconsistent with the medical evidence of record.

Plaintiff argues that the ALJ erred by disregarding medical records that observed Plaintiff "not doing so well." Dkt. 18, at 10. Where mental health symptoms "wax and wane in the course of treatment . . . it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Berryhill*, 759 F.3d 995, 1018 (9th Cir. 2014). Here, the ALJ acknowledged medical records showing that, "[t]o date, [Plaintiff's] symptoms have reportedly been inclusive of difficulty staying asleep and restlessness, depressed mood, anxiousness, panic attacks, poor concentration, isolation, insomnia, feelings of hopelessness and helplessness, loss of interest, suicidal ideations, and low motivation." AR 1204. Nevertheless, the ALJ noted that Plaintiff has

been receiving treatment "inclusive of medication and a history of counseling/therapy," that progress notes show Plaintiff "doing much better with regard to focus, concentration and ability to articulate his thoughts," and that Plaintiff has "continued to leave the house almost daily and attended more meetings and appointments without panic attacks." AR 1204–05 (citing AR 1803). The ALJ further noted that both medical records and Plaintiff's hearing testimony indicate that Plaintiff's anxiety and depression were well controlled with medication and that Plaintiff "reported significant improvement from prior to starting medication." AR 1204 (citing AR 1930, 1933). "[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). Here, the ALJ properly identified medical records that "constitute[d] examples of a broader development" of improvement in Plaintiff's mental health symptoms, *Garrison*, 759 F.3d at 1018, and reasonably found that the evidence of Plaintiff's improvement with medication and counseling undermined Plaintiff's testimony.

Plaintiff argues that the ALJ misapplied the objective evidence test and improperly rejected Plaintiff's subjective testimony by finding that the objective evidence did not support the degree of limitations alleged. Dkt. 10, at 11–12. Plaintiff further argues that the ALJ's decision is contrary to *Brown-Hunter v. Colvin*, 806 F.3d 487 (9th Cir. 2015), which provides that the ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of the RFC finding. *Id.* at 494. Here, as discussed above, the ALJ provided several reasons for discounting Plaintiff's symptom testimony, including by finding it inconsistent with the medical record and undermined by evidence of improvement with treatment. Therefore, the ALJ properly provided specific, clear, and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective testimony.

### 3. Lay Witness Evidence

Plaintiff argues that the ALJ failed to properly evaluate lay witness evidence. Dkt. 18, at 17–18. "[L]ay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."[4] *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

Plaintiff argues that the ALJ failed to evaluate the lay observations from SSI Facilitator Cindy Harbaugh and from SSA Interviewers L. Zorich and T. Chantler. Dkt. 18, at 17–18; *see* AR 241, 291, 1485. Ms. Harbaugh observed that Plaintiff had difficulty breathing, concentrating, talking, answering, and walking, and that Plaintiff "appeared to be very nervous and closed off." AR 241. Mr. Zorich observed that Plaintiff had difficulty with understanding and coherency. AR 291. Mr. Chantler observed that Plaintiff had difficulty with understanding, coherency, concentrating, talking, and answering and that Plaintiff "appeared nervous during the entire interview." AR 1485.

A failure to address lay witness testimony may be deemed harmless where "it is inconsequential to the ultimate nondisability determination." *Carmickle*, 533 F.3d at 1162. Although the lay witnesses observed that Plaintiff was nervous and had some difficulties in areas of communicating, understanding, concentrating, and coherency, among others, Ms. Harbaugh and Mr. Zorich noted that Plaintiff "eventually warmed up and became more talkative," understood more detailed questions after the interviewer took more time to explain, was a fair historian, and was pleasant, polite, and cooperative. AR 241, 291. Further, the witnesses' observations were substantially similar to Plaintiff's allegations regarding his anxiety, comprehension, and

---

[4] The Ninth Circuit has not yet addressed the 2017 regulations in relation to the standard of review for lay witness opinions.

ORDER
PAGE - 14

concentration, which, as discussed above, the ALJ's properly discounted. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) (failure to address lay testimony is harmless "[w]here lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony"), *superseded by regulation on other grounds*. Finally, the RFC limits Plaintiff to simple, routine, and repetitive tasks and no contact with the public, which reasonably accounts for the difficulties observed by the lay witnesses. Because the lay witnesses' observations were not inconsistent with the RFC and were substantially similar to Plaintiff's properly discounted subjective testimony, any error to address the lay witnesses' statements was harmless.

**4.  RFC**

At step four, the ALJ must identify the claimant's functional limitations or restrictions and assess her work-related abilities on a function-by-function basis. *See* 20 C.F.R. § 416.945; SSR 96-8p. The RFC is the most a claimant can do considering his limitations or restrictions. See SSR 96-8p. The ALJ must consider the limiting effects of all of the claimant's impairments, including those that are not severe, in assessing the RFC. 20 C.F.R. § 416.945(e); SSR 96-8p.

Plaintiff argues that the RFC is legally erroneous because it fails to account for the limitations described by Dr. Wignate, Dr. Senske, Dr. Sylwester, Plaintiff, and the lay witnesses. Dkt. 18, at 18. As discussed above, the ALJ properly discounted the medical evidence and Plaintiff's subjective testimony, and any error in the ALJ's evaluation of the lay witness statements was harmless. Limitations from properly discounted evidence does not need to be included in the RFC or the VE hypothetical. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 691–92 (9th Cir. 2009); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217–18 (9th Cir. 2005). Therefore, Plaintiff has not shown that the ALJ erred in assessing the RFC or the findings at step five.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 24th day of February, 2023.

MARY ALICE THEILER
United States Magistrate Judge